PETER W. ENDERS and others *vs.* ADAM STERNBERGH and others.

Where, in an action of ejectment, the plaintiffs claimed to recover the premises in question upon the ground that S. died seised and in possession of the premises, and being thus seised and possessed, he by his will devised them to his son, for life, and after his decease, to his sisters, from whom the plaintiffs were descended; *Held* that to entitle the plaintiffs to recover, they must establish title in S.; and that without such proof they could not recover, even though the defendants were without title.

And where, in such an action, it was not claimed by the plaintiffs that S. ever had any deed of the premises, nor was there any direct and positive evidence that he owned or claimed to own them; and no paper title was introduced or claimed to exist; *Held* that under the circumstances a grant to him could not be presumed.

*Held, also,* that as no paper title was proved, on the trial, and as no grant was to be presumed, if the plaintiffs could recover, it must be for the reason that S. was in possession of the land at the time his will was executed, and at his decease, with a claim of ownership which would be *prima facie* evidence of title; or of a possession alone, which would be presumptive evidence of title.

Enders *v.* Sternbergh.

And that in the absence of any positive evidence that S. was ever in the actual possession of the land, the parol declarations of his son, while in possession, tending to show that the latter had a life estate, and that his father was in possession while living, and at the time of his decease; and declarations of the defendants of a similar character; were not sufficient to establish that S. was in possession or the owner of the premises, at the time of his decease, or prior thereto, or that the plaintiffs had title to the land.

*Held, further,* that the same question—as to the possession of S.—having been presented to the Court of Appeals, on appeal from the judgment rendered on a former trial of this action, and determined adversely to the plaintiffs, it was *res judicata.*

APPEAL from a judgment entered upon a verdict of a jury rendered in favor of the defendants at the Schoharie circuit, before Justice INGALLS.

The action was ejectment, to recover a farm of between fifty and sixty acres lying in the Morris & Coeyman's patent, in Schoharie county, which was claimed by the plaintiffs as the heirs at law of Catharine and Elizabeth Sternbergh, deceased.

The leading facts are stated in the report of the case in the Court of Appeals, in 33 *How. Pr.* 464. Upon the last trial, the will referred to in the reported case was introduced in evidence. Some objections were made, and exceptions taken to the admissibility of certain evidence, and some questions raised, which are not material to be stated.

At the close of the testimony upon the trial, the defendants' counsel asked the court to decide that the action could not be maintained; that as the case stood, the title was in Lambertus Sternbergh, and there was no proof that Adam ever had any title, and so direct a verdict for the defendants; and the court so decided, and directed a verdict for the defendants, which was then and there rendered. The plaintiffs excepted, and the defendants' counsel requested the court to submit the case to the jury, which was refused and exception taken. Judgment was entered for the defendants, and the plaintiffs appealed,

*L. Tremain,* for the plaintiffs.

*A. J. Parker,* for the defendants.

*By the Court,* MILLER, J.   The plaintiffs in this action claim to recover the premises in question upon the ground that Adam Sternbergh died seised and in possession of the premises, and being thus seised and possessed, by his will he devised them to Lambert Sternbergh second, his son, for life, and after his decease, to his sisters, from whom the plaintiffs are descended.

To entitle the plaintiffs to recover, they must establish title in Adam Sternbergh; and the most important question in this case, and the one upon which it must be actually determined, I think, is whether the plaintiffs have succeeded in showing title in Adam Sternbergh. Without proof of title in Adam Sternbergh from whom the plaintiffs claim to derive their title, they cannot recover, whatever may be the other aspects of the case. It avails nothing to them that the defendants were without title; for the title of the plaintiffs, through their ancestor, is the foundation upon which their right of action is based. And in the absence of such a title they must utterly fail, and all the other facts proved, and the questions presented, are immaterial and of no sort of consequence.

I am of the opinion that the plaintiffs, upon the trial of this cause, failed to establish that Adam Sternbergh, under whose last will and testament they sought to derive title, ever had any title to the premises in question, or any such possession as would give to his devisees any right whatever to maintain this action, and therefore that the judge rightly and properly directed a verdict in favor of the defendants.

It is not claimed by the plaintiffs that Adam Sternbergh ever had any deed of the premises in question; nor is there any direct and positive evidence to prove that he owned them, or that he claimed to own them. No paper title

Enders *v.* Sternbergh.

was introduced for this purpose, or claimed to exist, unless it may be the claim made by the plaintiff's counsel that a grant might be presumed, which I think, under the circumstances of this case, is entirely unwarranted, and which was effectually disposed of when this case was before the Court of Appeals, in the opinion of the court, in which it was held that to presume a grant, under the circumstances, would be mere conjecture, not warranted by any principle of law. (*See* 33 *How. Pr.* 480.)

As no paper title was proved, on the trial, and as no grant is to be presumed, if the plaintiffs can recover at all in the absence of and without such title, it must be for the reason that Adam Sternbergh was in the possession of the farm at and prior to the time when the will was executed, and at his decease, with a claim of ownership which would be *prima facie* evidence of title; or of a possession alone which would be presumptive evidence of title. It is observable that the case does not show any evidence that Adam Sternbergh ever claimed title to the premises. The devise in the will, under which the plaintiffs claim, does not describe or in any way specify the lands in dispute; but is merely a general devise of the testator's real estate, without any description whatever, to his son Lambert. In this respect, it is claimed to differ from the will of his father, Lambertus the first, under which the defendants derive their right to hold the property.

Without discussing the question whether a mere possession alone, without a claim of title, is sufficient to maintain the action, it may also be remarked that there is no positive evidence that Adam Sternbergh was ever in the actual possession of the premises. No living witness testifies to that fact; and the plaintiff's case, so far as it establishes possession, rests entirely upon the parol declarations of Lambert the second, while in possession, which

tended to show that he had a life estate, and that his father was in possession, while living, and at the time of his decease; and upon the declarations of the defendants of a similar character, as well as some other trifling hearsay evidence. Confessions are a species of evidence which is always to be regarded with much care and caution, and I do not think that in this case they are sufficient to establish that Adam Sternbergh was in possession, or the owner of, the premises in controversy, at the time of his decease or prior thereto, or that the plaintiffs have title thereto.

As I understand, this identical question was presented and determined adversely to the plaintiffs when the case was before the Court of Appeals. It is quite elaborately discussed by Denio J. in his opinion; and in his remarks as to the question of possession, he says: "After such a length of time no living witness can speak of his own knowledge, and *I do think there is no rule admitting hearsay evidence,*" &c. In a subsequent portion of the opinion he remarks: "There is no competent evidence that Adam, the son of Lambert the first, ever had possession of the premises." He then proceeds to state that it is probable his wife, after his death, and at the time of the death of the wife of his father, was in possession, as appears by the will of Adam's father, and argues that the evidence which shows that fact also establishes that the possession was in subordination to the title of her husband's father; but he disposes of the property to her son, the second Lambert, in the same instrument, which he would have no right to do if her husband had died seised. The learned judge holds, expressly, that the evidence introduced was entirely insufficient to show that Adam was in possession, and that such possession could not be established by declarations and hearsay testimony.

These views would seem to dispose of the question discussed, and of the case under consideration. It is

Enders *v.* Sternbergh.

claimed, however, that no such question was presented to the Court of Appeals, and that the remarks of Judge Denio are *obiter dictum.* The statement of the case shows that these declarations were introduced in evidence upon the former trial, and it is scarcely to be supposed that the subject would have been so fully discussed if the point was not raised as to their effect. Moreover it is not difficult to perceive that they had an important bearing upon the question arising as to the admissibility of the will of Lambertus Sternbergh in evidence, which had been rejected on the trial, and for the rejection of which, in part, a new trial was granted. The learned judge says expressly that the real question in the case was "whether Adam was seised of the premises at the date of his will and at his death." And it is evident that the possession of Adam Sternbergh had a material and direct bearing upon his title to the premises, and much to do with the question discussed and decided. 1 cannot, therefore, but regard the opinion of the court as conclusive on the subject, and that the question is *res judicata.* As no possession was proved, in Adam Sternbergh, the plaintiffs established no title, and failed to make out a case.

As the failure of the plaintiffs to show title disposes of the case, it is not important to examine the other questions raised. If there was any error, it could not affect the result; and a new trial will not be granted for errors of this kind.

A new trial is denied, and judgment affirmed, with costs.

HOGEBOOM, J. dissented.

[ALBANY GENERAL TERM, September 16, 1867. *Miller, Ingalls* and *Hogeboom,* Justices.]